UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:07-CR-00045-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN ANTHONY PETERSON | ) | |
| | ) | |

This matter is before the court on defendant's *pro se* motion for a new trial and related motions/supporting documents. (DE ## 101-105.)

On 10 April 2008, a jury convicted defendant of four controlled substance offenses and of two firearms offenses. On 8 September 2008, the court sentenced defendant to a total term of 420 months imprisonment. Defendant appealed. By mandate entered 7 February 2011, the Fourth Circuit Court of Appeals vacated defendant's sentence and remanded the case for resentencing. United States v. Peterson, 629 F.3d 432 (4th Cir. 2011). On 3 October 2011, on remand, the court sentenced defendant to a total term of 195 months imprisonment. Defendant did not appeal from the amended judgment.

On 27 October 2014, defendant filed the instant motion and related documents. Pursuant to Federal Rule of Criminal Procedure 33(b)(1), defendant requests a new trial based on newly discovered evidence. According to defendant, "[t]hree years after his resentencing [he] discovered that detective ROSE EDMONDS who was the lead detective in his case had been convicted for the same corrupt, and unethical conduct, in which he alleged concerning her (edmonds) corrupt conduct in this case." (Mot., DE # 105, at 3.) Apparently, Edmonds was convicted on 10 October 2013 of three, state felony counts of destroying evidence on 24 October

2012. http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view (last visited Dec. 18, 2014). (See also DE # 105-5.) She allegedly broke into two university students' residences and stole money within those residences. (DE # 105-5.) On 18 February 2013, she was fired from her position with the Greenville Police Department because she allegedly falsified a departmental record. (Id.) She was also accused of lying and gross negligence. (Id.)

> Under Rule 33 of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may . . . grant a new trial . . . if the interest of justice so requires." To receive a new trial based on newly discovered evidence under Rule 33, a defendant must demonstrate: (1) the evidence is newly discovered; (2) he has been diligent in uncovering it; (3) it is not merely cumulative or impeaching; (4) it is material to the issues involved; and (5) it would probably produce an acquittal.

United States v. Lighty, 616 F.3d 321, 374 (4th Cir. 2010) (citations omitted) (alterations and omissions in original). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Although this time period is non-jurisdictional, Rice v. Rivera, 617 F.3d 802, 809 (4th Cir. 2010), it nonetheless is strictly enforced, United States v. Nuculovic, No. S3 04 Cr. 1110(DLC), 2006 WL 3591930, at *6 (S.D.N.Y. Dec. 12, 2006).

At the outset, the court concludes that defendant's motion is untimely. Defendant's time to file his motion ran in April 2011, three years after the jury returned its verdict. Defendant appears to believe that the time period started running from the date of his resentencing on 3 October 2011. Resentencing does not reset the clock for filing a Rule 33 motion. See United States v. Erwin, 277 F.3d 727, 732 (5th Cir. 2001) ("Here, the district court improperly found that the three-year limitation period provided in Rule 33 did not start to run until after the amended judgment was entered. This rule does not state that the time for filing a motion will be

extended because of a defect in the judgment and we do not believe that this is the rule's intent."). Furthermore, even if it did start from that date, defendant still filed the motion more than three years thereafter.[1]

Even if the motion were timely filed, the motion fails on its merits because the fact of Edmonds' conviction is merely impeaching evidence. The court acknowledges that "[t]here may be an exceptional 'rare case' that would justify granting a new trial solely on the basis of newly discovered impeachment evidence." United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993) (citation omitted). Such an exception is exceedingly narrow:

> If the government's case rested entirely on the uncorroborated testimony of a single witness who was discovered after trial to be utterly unworthy of being believed because he had lied consistently in a string of previous cases, the district judge would have the power to grant a new trial. . . .

United States v. Robinson, 627 F.3d 941, 949 (4th Cir. 2010) (quoting Custis, 988 F.2d at 1359).

Here, this case does not come within that exception. Edmonds' testimony at trial was amply corroborated by other law enforcement officers involved in the investigation and by the paid informant who participated in controlled buys with defendant. The acts allegedly forming the basis for Edmonds' conviction occurred more than five years after the events at issue in this case, and nothing suggests they were related in any way to this case. Defendant has not sufficiently shown that he is entitled to a new trial.

---

[1] Even giving defendant the benefit of the prison mailbox rule based on the date on his certificate of service, 23 October 2014, it is still untimely.
3

The motion for a new trial and related motions are DENIED.

19 December 2014.

　　　　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge